```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
 _____
                                :
JESUS RAMIREZ-CASTILLO,         :     Hon. Noel L. Hillman
                                :
           Petitioner,          :     Civil No. 14-6455 (NLH)
                                :
     v.                         :
                                :           OPINION
JORDAN HOLLINGSWORTH,           :
                                :
           Respondent.          :
 _____
```

APPEARANCES:

    JESUS RAMIREZ-CASTILLO, #07189-041
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640
        *Petitioner Pro Se*

    CAROLINE A. SADLOWSKI, Assistant U.S. Attorney
    PAUL J. FISHMAN, United States Attorney
    970 Broad Street, Suite 700
    Newark, NJ  07102
        *Attorneys for Respondent*

HILLMAN, District Judge

    Jesus Ramirez-Castillo filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his 322-month federal sentence imposed on November 19, 1996, in United States v. Ramirez-Castillo, 129 F.3d 122 (8th Cir. 1997)(per curiam). Having thoroughly reviewed the Petition, attachments, and the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2241.

I.   BACKGROUND

Federal officials arrested Petitioner in January 1996.  In February 1996 a grand jury sitting in the United States District Court for the District of Minnesota returned an indictment charging him with drug offenses.  On June 20, 1996, a jury found him guilty of conspiracy to distribute and possess with intent to distribute cocaine, distribution of cocaine, possession of cocaine with intent to distribute, carrying a firearm during a drug trafficking crime, and being a felon in possession of a firearm.  On November 19, 1996, Judge James M. Rosenbaum sentenced Petitioner as a career offender, see U.S.S.G. § 4A1.1(a), to a 322-month term of imprisonment.  Petitioner appealed, challenging the sufficiency of the evidence, the admissibility of evidence, and the plain error instruction.  On October 30, 1997, the Eighth Circuit Court of Appeals affirmed the conviction and sentence.  See United States v. Ramirez-Castillo, 129 F.3d 122 (8th Cir. 1997)(per curiam).

In November 1997, Petitioner filed a motion to vacate the sentence, pursuant to 28 U.S.C. § 2255, arguing that his attorney provided ineffective representation for failing to object to a jury instruction and advising him not to plead guilty.  See United States v. Ramirez-Castillo, 2007 WL 4591928 (D. Minn. Dec. 28, 2007).  Judge Rosenbaum denied the motion on

July 31, 1998, and the Eighth Circuit Court of Appeals denied a certificate of appealability on April 22, 1999.

In 2007, Petitioner filed a motion arguing that the District Court lacked jurisdiction because no one advised him of his right under Articles 5 and 36 of the Vienna Convention on Consular Relations to contact the Dominican Republic's Consul prior to trial and sentencing.  Judge Rosenbaum denied the motion on December 28, 2007.  See United States v. Ramirez-Castillo, 2007 WL 4591928 (D. Minn. Dec. 28, 2007).  In February 2010, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  Judge Rosenbaum denied the motion on March 29, 2010.  Petitioner appealed and on May 3, 2010, the Eighth Circuit affirmed.

On August 19, 2014, Petitioner filed (under the mailbox rule) the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Minnesota.  Petitioner asserts that Judge Rosenbaum unconstitutionally and erroneously sentenced him as a career offender because his prior state drug convictions do not qualify as two prior felony convictions under U.S.S.G. § 4B1.1(a). (ECF No. 1 at 1, 8.)  Petitioner attached the following documents to his Petition: (1) Memorandum of Law; (2) New Jersey judgment of conviction imposing a five-year term of imprisonment against

3

Petitioner for possession of cocaine with intent to distribute, conspiracy, distribution of cocaine, and distribution of a controlled dangerous substance within 1,000 feet of a school, see State v. Ramirez, Acc. No. 1749-9-91 judgment (N.J. Super. Ct., Law Div., Oct. 11, 1991)(ECF No. 2-1 at 2-3); (3) 17 pages of the Presentence Investigation Report prepared by U.S. Probation Officer Kelley M. Gustaveson in United States v. Ramirez-Castillo, Crim. No. 96-0012-ADM-FLN-1 (D. Minn. filed Feb. 7, 1996)(ECF No. 2-1 at 5-21); and (4) the docket for United States v. Ramirez-Castillo.

On October 16, 2014, Judge David S. Doty transferred the § 2241 Petition to this Court on the grounds that Petitioner was incarcerated at FCI Fort Dix in New Jersey when he filed the Petition and this Court has jurisdiction over Petitioner's custodian.  See Rumsfeld v. Padilla, 542 U.S. 426 (2004).

## II.   DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the

4

custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

Nevertheless, a challenge to the validity of a federal conviction or sentence must generally be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255(e), known as § 2255's "safety valve," expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained . . . unless . . . the remedy by motion is inadequate or ineffective to test the legality of his detention"); see also Tyler, 732 F.3d at 246; Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

Section 2255 is "not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle, 290 F.3d at 539. Rather, "a § 2255 petition is 'inadequate' when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [the Third Circuit's] precedent construing an intervening Supreme Court decision, but is otherwise barred from challenging the legality of the conviction under § 2255." Tyler, 732 F.3d at 246 (quoting Dorsainvil, 119 F.3d at 252).[1]

For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's § 2255 motion was denied on the merits, and after the Third Circuit

---

[1] See also Okereke, 307 F.3d at 120 (noting that a § 2255 motion is inadequate or ineffective within § 2255(e), authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application.").

6

determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.  The Third Circuit reasoned that "[a] Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  Dorsainvil, 119 F. 3d at 250.

Most recently, in Tyler the Third Circuit held that § 2255 was inadequate or ineffective for Tyler's claim that the conduct for which he was convicted in 2000 - tampering with a witness involved in official proceeding (by murder), contrary to 18 U.S.C. § 1512(a)(1)(A), (b)(1), and (b)(2) - was non-criminal based on the Supreme Court's 2005 decision in Arthur Andersen LLP v. United States, 544 U.S. 696 (2005), which required the Government to prove a nexus between the defendant's conduct and a particular federal proceeding.  The Third Circuit held that the District Court had jurisdiction to entertain Tyler's claim under § 2241 that he was actually innocent because there was "no evidence to satisfy Arthur Andersen's requirement that the Government prove a nexus between Tyler's conduct and a foreseeable particular federal proceeding to establish a

7

conviction under § 1512(a)(1)(A), (b)(1), and (b)(2)." Tyler, 732 F.3d at 250-51.

In this case, Petitioner asserts that Judge Rosenbaum found that he was a career offender under U.S.S.G. § 4A1.1(a)[2] based on two New Jersey drug convictions resulting from arrests on June 10, 1989, and April 29, 1991.[3] The New Jersey judgment of conviction, dated October 11, 1991, imposes an aggregate five-year term of imprisonment for drug crimes relating to both arrests. (ECF No. 2-1 at 2-3.)  Petitioner argues that he is actually innocent of being a career offender under U.S.S.G. § 4B1.1(a) because he "received only one oral pronounced sentence for his two prior felon[y] conviction[s]." (ECF No. 2 at 14.) Specifically, he argues: "Section 4B1.2(c)'s plain language

---

[2] The U.S. Sentencing Commission 1995 Guidelines Manual provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (1995).

[3] The Presentence Investigation Report concluded that Petitioner was a career offender under U.S.S.G. § 4B1.1 because on October 11, 1991, he was convicted of several drug crimes.  "Even though both dispositions were entered on the same date, these are not related cases as the arrest dates are approximately 2 years apart."  (ECF No. 2-1 at 16.)

required that a defendant could only be sentenced as a career offender if he received **'sentences for at least two'** prior felonies.  However, Mr. Ramirez-Castillo received only one oral pronounced sentence for his two prior felonies[.]"[4] (ECF No. 2 at 14)(emphasis in original).

Petitioner's claim – he is not a career offender under U.S.S.G. § 4B1.1 because he was sentenced at the same time for drug offenses that he committed two years apart - is within the scope of claims cognizable under § 2255.  Accordingly, this Court lacks jurisdiction to entertain his claim under § 2241 unless Petitioner shows that § 2255 is an inadequate or ineffective remedy for the claim. See 28 U.S.C. § 2255(e). Section 2255 is not inadequate or ineffective for this claim, however, because Petitioner does not contend that, as a result of a Supreme Court ruling subsequent to his § 2255 motion, the conduct for which he was federally convicted – drug trafficking and carrying a firearm in connection with drug trafficking –

---

[4] "The term 'two prior felony convictions' means (A) the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . , and (B) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of 4A1.1(a), (b), or (c).  The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere." U.S.S.G. § 4B1.2(3) (1995).

9

became non-criminal. See Tyler, 732 F.3d at 246; Okereke, 307 F.3d at 120; Dorsainvil, 119 F. 3d at 250. Accordingly, this Court lacks jurisdiction to entertain Petitioner's challenge to his career offender status under § 2241. This Court will dismiss the Petition because Petitioner has not shown that § 2255 is an inadequate or ineffective remedy for his challenge to his sentence. See Abduchakeem v. Warden Fairton FCI, 2016 WL 3947576 (3d Cir. July 22, 2016); Avery v. Warden Loretto FCI, 2016 WL 3542257 (3d Cir. June 29, 2016).

### III. CONCLUSION

Petitioner has not shown that 28 U.S.C. § 2255 is inadequate or ineffective for his challenge to his career offender status sentence. This Court will dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2241. An appropriate Order accompanies this Opinion.

                                              s/Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.

Dated: August 18, 2016

At Camden, New Jersey